United States District Court
for the
Southern District of New York

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT <br><br> Plaintiff <br> v. <br><br><br><br><br><br><br> VALTRICTS BINNS, DENESE BINNS <br><br> Defendant(s) | Civil Action No. 17-cv-8277 <br><br> **PLAINTIFF'S DECLARATION IN SUPPORT OF MOTION TO VACATE JUDGMENT OF FORECLOSURE AND SALE, VOLUNTARILY DISMISS ACTION, AND CANCEL NOTICE OF PENDENCY OF ACTION** |

Stephen J. Vargas, Esq. pursuant to Fed. R. Civ. P. §11 and under penalties of perjury, declares as follows:

1. I am an attorney at law and an associate with the law firm of Gross Polowy, LLC, the attorneys of record for Plaintiff U.S. Bank National Association, Not In Its Individual Capacity But Solely As Trustee For The RMAC Trust, Series 2016-CTT ("Plaintiff") in this residential mortgage foreclosure action commenced pursuant to 28 U.S.C. §1332(a) and New York Real Property Actions and Proceedings Law ("RPAPL") Article 13. As such, I am fully familiar with the facts and circumstances of this case and the proceedings heretofore. The Plaintiff submits this Declaration in support of its motion for an Order of this Court, vacating the Default Judgment of Foreclosure and Sale pursuant to Fed. R. Civ. P. §60(b), voluntarily dismissing the foreclosure action pursuant to Fed. R. Civ. P. §41(a), and cancelling the Notice of Pendency of Action pursuant to N.Y. Civil Practice Law and Rules ("CPLR") §6514(a).

2. The Plaintiff commenced the action by filing the Summons and Complaint with the United States District Court for the Southern District of New York on October 26, 2017. *See* PACER Docket Entry #1. The Plaintiff filed a Notice of Pendency of Action in the Office of the Clerk of the County of Orange on October 30, 2017 and the Notice of Pendency of Action was filed with this Court on October 31, 2017. *See* PACER Docket Entry #6. The Plaintiff filed a successive Notice of Pendency in the Office of the Clerk of the County of Orange on December 15, 2017 and the Notice of Pendency of Action was filed with this Court on January 25, 2018. *See* PACER Docket Entry #10. The Defendants were served with process in accordance with Fed R. Civ. P. §4 but failed to answer, appear, or move with respect to the Complaint and a Clerk's Certificate of Default was filed on March 13, 2018. *See* PACER Docket Entry #14.

3. Thereafter, the Plaintiff moved for Default Judgment pursuant to Fed. R. Civ. P. §55(b)(2) and a Judgment of Foreclosure and Sale pursuant to RPAPL §1351; the motion was granted and the Default Judgment of Foreclosure and Sale was filed on September 7, 2018. *See* PACER Docket Entry # 30. Pursuant to the Default Judgment of Foreclosure and Sale, Alan L. Joseph, Esq. was appointed as Referee to conduct the public auction of the mortgaged premises. *See* PACER Docket Entry #30. The Plaintiff respectfully requests the Default Judgment of Foreclosure and Sale be vacated because the Defendants satisfied the Default Judgment of Foreclosure and Sale, which nullified the Judgment.

## **The Plaintiff is Entitled to Vacatur of the Judgment and Judgment of Foreclosure and Sale and Voluntary Dismissal of the Action**

4. According to Fed. R. Civ. P. §60(b), on motion and just terms, the court may relieve a party from a final judgment, order, or proceeding for several reasons, including if

applying it prospectively is no longer equitable or for "any other reason that justifies relief" but is not enumerated in the section. *See* Fed. R. Civ. P. §60(b)(5)-(6). Notwithstanding this, in *U.S. Bancorp. Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), the Court held that "mootness by reason of settlement does not justify vacatur of a judgment under review", and vacatur should be regarded as an extraordinary remedy because judicial precedents have social value. *Bonner Mall Partnership* at 25. Where vacatur is sought as a result of a settlement, the following factor against granting vacatur: (1) judicial precedents enjoy a presumption of correctness; (2) society benefits from the resolution of legal questions through orderly procedures; and (3) vacatur may deter timely settlement. *Microsoft Corp. v. Bristol Tech, Inc.*, 250 F. 3d 152, 154 (2d Cir. 2001); *also see U.S. Bancorp. Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994).

5. Notwithstanding these factors, vacatur may be awarded as part of a settlement if the moving party shows "exceptional circumstances". *Microsoft Corp.* at 154; *U.S. Bancorp. Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994); *Major League Baseball Properties v. Pacific Trading Cards, Inc.*, 150 F. 3d 149, 151 (2d Cir. 1998). By nature, circumstances that are "exceptional" elude limits or classification and, when a judgment is mooted by settlement, vacatur may be warranted. *Bristol Tech, Inc.* at 155. The Judgment of Foreclosure and Sale was satisfied by the Defendants. *See generally* 3-25 Bergman on New York Mortgage Foreclosures §25.

### The Plaintiff is Entitled to an Order Cancelling the Notice of Pendency of Action

6. According to N.Y. C.P.L.R. §6514(a), the Court shall direct any county clerk to cancel a notice of pendency if the action has been settled. This action was settled on or about

November 13, 2018 when the Defendants satisfied the Default Judgment of Foreclosure and Sale. As such, this direction is authorized by statute.

**WHEREFORE**, it is respectfully requested the relief sought by the Plaintiff be granted in its entirety, together with such other and further relief as to the Court may seem just, equitable, and proper.

DATED:   November 19, 2018
           Westbury, New York

/SJV/
Stephen J. Vargas, Esq.